KM

**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Matthew L. Harris,
Plaintiff,
vs.
Joseph M. Arpaio, et al.,
Defendants.

No. CV 08-1255-PHX-DGC (JRI)

**ORDER**

Plaintiff Matthew L. Harris, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On July 22, 2008, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend. On July 30, 2008, Plaintiff filed a First Amended Complaint. The Court will order Defendants Clark, Hayley, Carlson, Biggs, and Silbert to answer Counts I and II of the Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

TERMPSREF

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III. Amended Complaint**

Plaintiff names the following Defendants[1] in the Amended Compliant: (1) Maricopa County Sheriff Joseph M. Arpaio; (2) Sgt. Silbert; (3) Officer Clark; (4) Officer Smith; (5) Officer Carlson; (6) Officer Biggs; (7) Officer Clark (third shift, N yard); (8) Sgt. Hayley; (9) Sgt. MacPherson; (10) Officer Basham; (11) Officer Touchet; (12) Officer Reid; (13) Officer Gomez; (14) Officer Von Reeden; (15) Sgt. Gunn; (16) Sgt. Wells; (17) Sgt. Lewis; (18) Lt. Unknown, badge #A4149; (19) Melissa Marino; (20) St. Sgt. Bureau; (21) Officer Barrone; (22) Officer Chapman; (23) Officer McVaugh; (24) Officer Landry; (25) Officer Cain; (26) Officer Purslow; (27) Officer Hale; and (28) Officer Webb.

Plaintiff raises nine grounds for relief in and seeks injunctive relief and money damages.

**IV. Failure to State a Claim**

**A. Count III**

In Count III, Plaintiff claims that his Fourteenth Amendment rights were violated when he was wrongfully issued two disciplinary tickets, was found guilty before he could present witnesses, and his appeal of his disciplinary convictions was denied. Plaintiff states that he was "placed on restriction unjustly."

Although the Due Process Clause of the Fourteenth Amendment protects against the imposition of "punishment" prior to an adjudication of guilt, a detainee may be subjected to "the restrictions and conditions of the detention facility so long as those conditions and restrictions to not amount to punishment." Bell v. Wolfish, 441 U.S. 520, 535-37 (1979). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Id. at 539. "[M]aintaining institutional security and preserving internal order and discipline are

---

[1]All Defendants are employed by the Maricopa County Sheriff's Office.

essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." Id. at 546.

Plaintiff does not describe the restrictions he received because of his disciplinary proceedings and it is therefore impossible to determine whether those restrictions amount to "punishment" under the Fourteenth Amendment.

Moreover, even assuming that Plaintiff's due process rights were implicated during his disciplinary proceedings, an inmate may be prevented from calling witnesses where permitting the inmate to do so would threaten institutional security or correctional goals. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In this case, Plaintiff makes no allegations about whether he was prevented from calling witnesses without legitimate regard to institutional security or correctional goals.

Count III will therefore be dismissed for failure to state a claim.

**B. Count IV**

In Count IV, Plaintiff alleges that he has been denied adequate medical care because he has not received treatment for bi-polar disorder. Plaintiff states that he requested treatment on July 1, 2008, that he was given an assessment on July 21, 2008, and that he has been scheduled for several appointments, but has not actually been seen or offered treatment.

To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)

(citing Estelle, 429 U.S. at 104). The harm need not be substantial. Id. (citing Estelle, 429 U.S. at 104).

Medical malpractice or negligence is insufficient to establish a violation. Toguchi, 391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429 F.3d at 1096.

Plaintiff has not alleged facts sufficient to demonstrate deliberate medical indifference because he has not identified the individual responsible for denying him medical care. Moreover, the facts Plaintiff alleges show at most negligence in providing him with medical treatment; Plaintiff does not allege that his appointments were deliberately canceled, nor does he allege that results of his assessment showed an immediate, serious need for care which was ignored. Accordingly, Count IV will be dismissed for failure to state a claim.

**C. Count V**

In Count V, Plaintiff alleges that he was denied access to the courts because he has not received a Rule 32 Post Conviction Relief hearing, "ILS" denied him access to the courts, and "as of 7-27-08 . . ., [he has] yet to file the paperwork with the Superior Court of Arizona."

The right of meaningful access to the courts prohibits state officials from actively interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356.

As a matter of standing, for an access to courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation; the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present. Lewis, 518 U.S. at 351-53. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Id. at 348.

The Court notes first that the denial or grant of a hearing on a Rule 32 petition is made by the state court, and not Inmate Legal Services. Further, Plaintiff has stated that he has not yet sent his required paperwork to the state court, but he has not alleged that Defendants have prevented him from doing so. Plaintiff states that "ILS" denied him access to the Courts, but Plaintiff does not specifically state what "ILS" did or failed to do to deny that access.

Moreover, as a pretrial detainee, Plaintiff's right of access to the courts for his criminal prosecution is guaranteed by the State's offer of a criminal defense attorney. The Ninth Circuit and other courts have uniformly held that the right of access to the courts cannot be violated when an inmate is offered the assistance of court-appointed counsel. See United States v. Wilson, 690 F.2d 1267, 1271-72 (9th Cir. 1982) ("The offer of court-appointed counsel to represent [Defendant] satisfied the Fifth Amendment obligation to provide meaningful access to the courts."); accord Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) (*per curiam*) ("having rejected the assistance of court-appointed counsel, [the defendant] had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial"); United States v. Smith, 907 F.2d 42, 45 (6th Cir. 1990) ("principles of due process are not violated when a defendant waives his right to counsel, even though by doing so he destroys any meaningful access to the court that he may have had"). The Supreme Court of Arizona follows the same principles. See, e.g., State v. Henry, 863 P.2d 861, 876 (Ariz. 1993); Salstrom v. State, 714 P.2d 875, 878 (Ariz. 1986).

Count V will be dismissed for failure to state a claim.

**D. Count VI**

In Count VI, Plaintiff claims that his Fourteenth Amendment rights were violated when Defendants Gomez and Von Reeden purposefully destroyed Plaintiff's personal property and tampered with his legal paperwork.

In Parratt v. Taylor, 451 U.S. 527, 541 (1981), the Supreme Court held that due process is not violated when a state employee negligently deprives an individual of property, as long as the state makes available a meaningful postdeprivation remedy. The rationale underlying Parratt was that predeprivation procedures are impractical when the deprivation of property occurs through random and unauthorized conduct of a state employee, because the state cannot know when such deprivations will occur. Hudson v. Palmer, 468 U.S. 517, 533 (1984). This logic was extended to intentional deprivations of property. Id. The availability of a common-law tort suit against the state employee constitutes an adequate postdeprivation remedy. Id. at 534-35. Because Plaintiff has an adequate post-deprivation remedy for the loss of his property, his property claims will be dismissed.

To the extent that Plaintiff claims his right to access to the courts was violated because his legal work was tampered with, Plaintiff has also failed to state a claim. Plaintiff has not alleged that he suffered an actual injury because of Defendants' actions, as required to state an access-to-the-courts claim. Lewis, 518 U.S. at 351-53. Count VI will be dismissed for failure to state a claim.

**E. Count VII**

In Count VII, Plaintiff claims that his First and Fourteenth Amendment rights were violated when he was subjected to a hostile work environment where some of the named Defendants "repeatedly swore in [his] presence and directly at [him]."

"'Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)). Count VII will therefore be dismissed for failure to state a claim.

**F. Count VIII**

In Count VIII, Plaintiff claims that Defendant Hale refused to allow Plaintiff to receive a law textbook, Plaintiff was refused a postcard, and on several occasions Plaintiff did not timely receive a newspaper to which he had subscribed.

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (*per curiam*) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

Plaintiff has failed to allege that the denial of the book or postcard were not reasonably related to a legitimate penological interest. With respect to Plaintiff's newspaper subscription, in order to state a cognizable claim, Plaintiff must show that he suffered some real injury: mere delay in receiving mail does not state a claim. See Morgan v. Montanya, 516 F.2d 1367, 1371 (2d Cir. 1975). Count VIII will be dismissed for failure to state a claim.

**G. Count IX**

In Count IX, Plaintiff claims that he spoke with several Detention Officers about obtaining a replacement water bottle and that Defendant Clark stated it was "a frivolous issue." Plaintiff states that suffered a lack of water for approximately eight and a half hours.

Plaintiff has failed to show a constitutional deprivation. "It cannot be said that all . . .conditions . . . even if discomforting or undesirable, amount to deprivations of constitutional dimensions . . . [A] federal court is not the proper forum for challenging or changing every aspect of the harsh realities of confinement unless conditions cannot be tolerated under the Constitution." Thomas v. Smith, 559 F. Supp. 223, 224 (W.D.N.Y. 1983) (citing Griffin v. Smith, 493 F. Supp. 129 (W.D.N.Y. 1980)). Count IX will be dismissed for failure to state a claim.

. . .

. . .

## V. Claims for Which an Answer Will be Required

In Count I, Plaintiff claims that his First Amendment rights were violated when Defendant Clark issued a disciplinary ticket to Plaintiff for attending a church service that was only offered on Sunday, rather than going to work. Plaintiff also alleges that his right to free exercise of religion was violated the following Sunday when he was prevented from attending the church service.

In Count II, Plaintiff claims that Defendants Hayley, Carlson, Biggs, and Silbert violated his Fifth and Fourteenth Amendment rights when they retaliated against him for filing grievances and the initial complaint in this action. Plaintiff claims that Defendants prevented him from filing further grievances, informed him that he would be found guilty of at least two disciplinary violations, and informed Plaintiff that he would face additional security for filing grievances. The Court will construe this claim as brought pursuant to the First Amendment. See Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005).

Liberally construed, Plaintiff's allegations in Counts I and II adequately state a claim and the Court will require Defendants Clark, Hayley, Carlson, Biggs, and Silbert to answer Counts I and II of the Amended Complaint.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . .

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts III through IX of the Amended Complaint and Defendants Arpaio, Smith, MacPherson, Basham, Touchet, Reid, Gomez, Von Reeden, Gunn, Wells, Lewis, Unknown, Marino, Bureau, Barrone, Chapman, McVaugh, Landry, Cain, Purslow, Hale, and Webb are **dismissed** without prejudice.

(2) Defendants Clark, Hayley, Carlson, Biggs, and Silbert must answer Counts I and II of the Amended Complaint (Doc. #10) .

(3) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #10), this Order, and both summons and request for waiver forms for Defendants Clark, Hayley, Carlson, Biggs, and Silbert.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later,

the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 18th day of August, 2008.

David G. Campbell
United States District Judge